DAVID W. ADAMANY, Secretary, Department of Revenue
In your capacity as chairman of the Study Committee on Manufacturing Equipment and Personal Property Tax Exemptions you have asked me the following two questions which were prompted by an earlier opinion to you dated October 2, 1974:
 "1. Does Article XI, Section 3, or any other provision of the Wisconsin Constitution, prohibit increasing the rates set forth in the statutory provisions referred to in your opinion of October 2nd (other than those pertaining to municipal and school debt) *Page 568 
in amounts which would offset the effect of the exemptions referred to therein?
 "2. Does Article XI, Section 3, or any other provision of the Wisconsin Constitution, prohibit amending the statutes referred to in your opinion of October 2nd so as to provide that the value of the said exempt property shall be added to the value of taxable property in arriving at a total value to which the limiting rates are to be applied?"
Article XI, sec. 3, Wisconsin Constitution, provides in part:
 ". . . No county, city, town, village, school district or other municipal corporation may become indebted in an amount that exceeds an allowable percentage of the taxable property located therein equalized for state purposes as provided by the legislature. In all cases the allowable percentage shall be five per centum except as follows: (a) For any city authorized to issue bonds for school purposes, an additional ten per centum shall be permitted for school purposes only, and in such cases the territory attached to the city for school purposes shall be included in the total taxable property supporting the bonds issued for school purposes. (b) For any school district which offers no less than grades one to twelve and which at the time of incurring such debt is eligible for the highest level of school aids, ten per centum shall be permitted. . . ."
This provision sets debt limitations. Elsewhere this constitutional provision provides that a municipality shall raise revenue to pay for its indebtedness.
The opinion of October 2, 1974, includes a reference to statutory provisions relating to tax rate limitations for cities, counties, towns and villages under secs. 62.12 (4), 70.62 (2), 60.18 (1) and 61.46 (1), Stats., respectively. In response to your first question, these rates could be increased by the legislature. There is no constitutional prohibition against increasing municipal tax rates to obtain taxes for valid public purposes. These limitations are currently set at 3-1/2 percent of the assessed value of real and personal property in cities, 1 percent of the total valuation of taxable property in counties, 1 percent of the assessed valuation of taxable property in towns and 2 *Page 569 
percent of the assessed valuation of taxable property in villages, as set forth in the statutes referred to above.
In response to your second question, there also is no constitutional prohibition against the legislature redefining the tax base to which municipal tax rates shall be applied for the purpose of raising local revenues.
There are two basic ways to increase local property taxes: increase the rate or increase the base. Current municipal tax limitations are based on a statutory percentage of the taxable property in the municipality. The rate limit could be increased with appropriate legislation. See McQuillin, MunicipalCorporations, Third Edition, Volume 16, sec. 44.25.
The base could be expanded to include that property exempted by secs. 70.11 (27) and 70.04 (3), Stats., but this approach does not seem practical. The base could be increased without any legislation if local assessors made assessments based on full market value instead of a smaller percentage thereof. See Opinion of the Attorney General, dated March 5, 1973. OAG-12-73.
However, neither an increase in the rate limitation nor an increase in the base will provide relief to any municipality which has reached its constitutional debt limitation under Article XI, sec. 3, Wisconsin Constitution, except to the extent that it may allow some municipalities to pay off their debts more quickly if the taxpayers were able to absorb the impact of higher taxes. The statutory debt limitation under sec. 67.03 (1), Stats., is equal to the constitutional debt limitation. An increase in the municipal debt limitation would require an amendment to the constitution.
VAM:APH